**In the Matter of the NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Debtor.**

No. 30226.

United States District Court
D. Connecticut.

Aug. 26, 1963.

Robert W. Blanchette, Gen. Counsel, James Wm. Moore, Counsel for Trustees, New Haven, Conn., John D. Kernan, Jr., Counsel, New York City, for principal debtor.

David W. Peck, Henry N. Ess, III, John S. Allee, New York City, for Sullivan & Cromwell.

Stuart H. Steinbrink, New York City, for Levien, Steinbrink & Beaudet.

ANDERSON, Chief Judge.

The issue presented by this application is whether or not the court has the power to fix the attorneys' fees of Sullivan & Cromwell for their legal services, rendered after July 7, 1961 the date of the filing of the reorganization petition, in the Biltmore litigation without a maximum or ceiling for such compensation having first been fixed by the Interstate Commerce Commission under § 77, sub. c(2) of the Bankruptcy Act. The answer is in the affirmative.

The criterion which must be used to determine what legal services do and what do not come within the provisions of § 77, sub. c(2) derives from the nature of the issues involved in the legal work performed and whether or not they are a part of the reorganization proceedings, as such. The test is whether or not the legal service performed is a part of regular, normal legal business of the New Haven Railroad and which any railroad, not in reorganization, might carry on, rather than legal work rendered in connection with and peculiar to the New Haven's reorganization proceedings and reorganization plans.

The Chase-Manhattan Bank, as Trustee, advances the theory that the applicability of § 77, sub. c(2) should be governed by standards of whether or not the attorney rendering the services is an independent contractor or a part of "house counsel" and, therefore, in effect, an employee or agent, whether he is paid a fee or salary, whether the amount involved in the case is great or small and whether the issues are relatively important or unimportant.

The Chase-Manhattan, Trustee, filed no brief and cited no authority but noted with approval the result reached by the Interstate Commerce Commission in a Long Island Railroad case, 295 I.C.C. 208, in which counsel representing trustees in a reorganization proceeding voluntarily submitted to the Interstate Com-

merce Commission the compensation issue which arose out of their services in a case involving the disposition of a deficiency claim, filed in the proceedings, for New York City taxes, which accrued prior to bankruptcy, and which the Interstate Commerce Commission found to be an issue "connected with the proceeding and plan." Suffice it to say the Interstate Commerce Commission did not use or even suggest the test advanced by the Chase-Manhattan, Trustee, in ruling on the question. The history and background of § 77, sub. c(2) afford no support for the Chase-Manhattan's interpretation. 5 Collier (14th ed.) ¶77–28.

■ The litigation in which Sullivan & Cromwell rendered their services commenced on July 29, 1957 when the law firm of Levien & Singer was retained by the New Haven Railroad to look out for its interests in the Hotel Biltmore and other property in the Grand Central area in New York City. Sullivan & Cromwell became associated with them December 15, 1958 and carried on the case alone after August 23, 1961, when the Trustees terminated the services of Levien, Steinbrink & Beaudet, successors to Levien & Singer. The case, a suit brought by the New York Central against the New Haven Railroad on December 9, 1958, was decided in favor of the New Haven Railroad in the Supreme Court of New York on September 26, 1960. The decision of the Appellate Division of the Supreme Court of New York, substantially affirming the trial court, was entered on June 22, 1961. Only the appeal to the Court of Appeals of the State of New York and its decision of September 25, 1962 in favor of the New Haven followed the petition for reorganization. Therefore, the case started and was long maintained as a part of the regular legal business of the New Haven Railroad before the petition in reorganization was filed. The intervention of bankruptcy had no effect whatever on the nature of the case.

Order #80 in these reorganization proceedings authorized the Trustees to appoint Sullivan & Cromwell as attorneys to continue the Biltmore litigation. In that order the court expressly ruled that the fixing of their compensation was a matter for the court alone and that it was not required that a maximum first be determined by the Interstate Commerce Commission. Neither the Chase-Manhattan Bank, as Trustee, nor the Interstate Commerce Commission, nor any other party objected to this ruling or appealed from it. The court, however, afforded the parties an opportunity at the hearing on the present matter, i. e., the Supplement to Petition for Order #175, to raise for adjudication a legal claim as to the sole power of the court to pass upon the compensation of Sullivan & Cromwell without a maximum having been fixed by the Interstate Commerce Commission. Although notice thereof was sent to all parties and each has had an opportunity to be heard, no claim contrary to the order formerly entered in Order #80 has been made, except from the Trustees for the bonds. Their claims are not tenable in the light of the language of § 77, sub. c(2), its history or its application by the Interstate Commerce Commission and the courts. See Reorganization Missouri Pacific Railroad Order #4706, February 29, 1956. This court will, therefore, adhere to its former decision.

The Interstate Commerce Commission does not seek or argue that it has any such authority, nor does it claim, as it may in the field of reorganization, to possess the necessary expertise to pass upon the value of legal services in the myriad fields of law with which the ordinary business of the Railroad may be concerned.

A construction of the Act which would require a ceiling to be fixed by the Interstate Commerce Commission on the compensation of all special counsel employed during a railroad reorganization would be unnecessarily burdensome, generate costly delays, make it virtually impossible to retain competent counsel for specialized legal problems and generally be highly prejudicial to the reorganization proceedings.