**In the Matter of LEHIGH VALLEY RAILROAD COMPANY, Debtor.**

**No. 70–432.**

United States District Court, E. D. Pennsylvania.

May 10, 1973.

A. John May, Jr., William R. Traub, Duane, Morris & Heckscher, Philadelphia, Pa., for trustees; A. Arthur Huston, McFadden, Riskin & Huston, Bethlehem, Pa., of counsel.

James F. Dausch, Dept. of Justice, for the United States.

Fritz Kahn, Leonard S. Goodman, for the Interstate Commerce Commission.

## OPINION AND ORDER NO. 181

FULLAM, District Judge.

Order No. 62 in these proceedings authorized the Trustees to pay compensation, not exceeding $12,000 in amount, to Arthur E. Baylis & Company, Inc., for services as a transportation consultant in connection with certain pending ICC proceedings. The Interstate Commerce Commission has filed a petition for reconsideration of that Order, on the ground that the matter should first be submitted to the Commission for a deter-mination of the maximum permissible compensation. The Department of Justice has joined with the Commission in submission of legal memoranda in support of this contention.

Section 77(c)(2) of the Bankruptcy Act provides:

". . . The trustee or trustees and their counsel shall receive only such compensation from the estate of the debtor as the judge may from time to time allow within such maximum limits as may be approved by the Commission as reasonable. . . ."

And § 77(c)(12) of the Bankruptcy Act provides:

"Within such maximum limits as are fixed by the Commission, the judge may make an allowance, to be paid out of the debtor's estate, for the actual and reasonable expenses (including reasonable attorney's fees) incurred in connection with the proceedings and plan by parties in interest and by reorganization managers and committees or other representatives of creditors and stockholders, and within such limits may make an allowance to be paid out of the debtor's estate for the actual and reasonable expenses incurred in connection with the proceedings and plan and reasonable compensation for services in connection therewith by trustees under indentures, depositaries and such assistance as the Commission with the approval of the judge may especially employ. . . ."

The Commission advances two arguments: (1) The services performed by the Baylis firm were essentially legal in nature, and therefore subject to the requirement of § 77(c)(2); and (2) That the services of the Baylis firm were performed "in connection with the proceedings and plan," and therefore subject to the requirements of § 77(c)(12). I find neither argument valid.

■ Arthur E. Baylis & Company, Inc., a New York corporation, is a consulting firm in the fields of traffic, distribution, marketing and transportation economics. Neither Mr. Baylis nor any-

one else on the firm's payroll is a lawyer. Mr. Baylis, the principal of the firm, has had extensive railroad experience, and is also very much involved in the field of simplifying and standardizing international trade documents. Pursuant to 49 C.F.R. 1100.8(b), Mr. Baylis has been admitted to practice before the Interstate Commerce Commission, as a non-lawyer licensed practitioner. Indeed, the services now in question included active participation in administrative hearings before the hearing examiner, pursuant to this authorization. (A member of the Debtor's Legal Department was also in attendance.) I am not persuaded that a non-lawyer ICC practitioner can be regarded as "counsel" to the Trustees within the meaning of § 77(c)(2), or that the services rendered by Mr. Baylis within the field of his technical expertise were essentially legal in nature.

■ Be that as it may, the case of In Matter of New York, New Haven & Hartford R. R. Co., 221 F.Supp. 288 (D. Conn.1963) is authority for the proposition that the requirements of § 77(c)(2) apply only to legal services performed in connection with, or occasioned by, the Debtor's reorganization, and that legal fees for routine services incurred in the normal operation of the railroad are solely within the supervision of the reorganization court, and need not be referred to the Interstate Commerce Commission for a determination of maximum compensation. The Commission asserts, in its brief, that it was not a party to the New Haven proceeding, and did not have an opportunity to appeal from the New Haven court's determination. This assertion is rather difficult to understand: Judge Anderson states in his opinion in that case that the Commission was afforded two opportunities to assert that the matter should be referred to the Commission, and that the Commission made no such assertion, and apparently acquiesced in the judge's ruling.

■ Accepting this interpretation of § 77(c)(2), and under the plain language of § 77(c)(12), the remaining issue is whether the compensation of the Baylis firm represents an expense incurred "in connection with the [reorganization] proceedings and plan." The services were performed in connection with a proposal by the Central Railroad of New Jersey to abandon its freight operations within the Commonwealth of Pennsylvania, and a proposal by the Lehigh Valley Trustees to assume responsibility for those operations. In my view, expenses of that kind are not within the scope of § 77(c)(12). Rather, they are part of the ongoing expenses of railroad operations, likely to be encountered by any railroad, whether or not in reorganization.

Counsel performing routine legal services for a railroad, in matters having nothing to do with the reorganization proceeding itself, or with the formulation of a reorganization plan, may often find it expedient to advance arguments based upon the fact that the railroad is in reorganization. The Commission argues that that is what occurred in this instance; it was argued that the takeover of the CNJ operations in Pennsylvania would improve the financial condition of the Lehigh Valley, and thus be helpful in its ultimate reorganization. But I cannot accept the view that that is enough to bring the matter within § 77(c)(12).

In short, I have concluded that the compensation to be paid to the Baylis firm need not be referred to the Commission for a determination of maximum compensation, because Mr. Baylis is not a lawyer and did not render legal services, and because, in any event, the services were not rendered in connection with the reorganization proceeding or in connection with the reorganization plan.

### ORDER NO. 181

And Now, this 10th day of May, 1973, the Petition of the Interstate Commerce Commission for Reconsideration of Order No. 62 in these proceedings is hereby Denied.